IN THE UNITED STATES DISTRICT COURT FOR
THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

| | | |
|---|---|---|
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil No. 1:17-cv-1182-LO-MSN |
| | ) | |
| LIMA ARCHITECTS, LLC, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**REPORT & RECOMMENDATION**

This matter comes before the Court on Plaintiff's Motion for Default Judgment Against Defendants Lima Architects, LLC and Octavio Lima (Dkt. No. 26). Having reviewed the record and pleadings, the undersigned Magistrate Judge recommends entering default judgment in the Plaintiff's favor for the reasons that follow.

**I.    Background**

On October 19, 2017, Plaintiff RLI Insurance Company filed a Complaint seeking a declaratory judgment against Defendants Lima Architects, LLC, Octavio Lima, TLE at Chantilly-Pleasant Valley, LLC, and Hutchison House, LLC (Dkt. No. 1). On July 18, 2018, Plaintiff filed a Stipulation of Dismissal (Dkt. No. 31) as to the two latter Defendants who filed responsive pleadings, and they have been dismissed from this case (Dkt. No. 32). Accordingly, this Motion for Default Judgment is now ripe.

Plaintiff alleges that on or about January 25, 2011, Hutchison House, LLC retained Lima Architects, LLC for architectural and engineering services for a childcare facility that TLE at Chantilly-Pleasant Valley, LLC ("TLE") leased. Compl. ¶ 11 (Dkt. No. 1). Lima Architects, LLC completed design work in early 2011, and in December of that same year, construction of

the daycare commenced. *Id.* ¶¶ 12–13. In November 2012, a certificate of occupancy was issued. *Id.* ¶ 13. In August and September 2014, however, TLE informed Lima Architects, LLC in writing of issues with the daycare's HVAC system due to Lima Architects, LLC's defective design, resulting in $83,000 in repairs. *Id.* ¶ 14. Hutchison House thereafter demanded reimbursement for any expenses it incurred due to Lima Architects, LLC's work. *Id.* On September 11, 2014, Lima Architects, LLC informed Plaintiff of these claims. *Id.* ¶ 15. Plaintiff had issued Lima Architects, LLC a Professional Liability Policy Architects & Engineers ("Policy") for the period March 13, 2014 to March 13, 2015, with a Retroactive Date of March 13, 2013. *Id.* ¶ 16.

The Policy states that it applies "to a Claim for a Wrongful Act . . . only if: (i) the Claim is first made against the Insured during the Policy Period and first reported to the Insurer during the Policy Period or within sixty (60) days after the end of that Policy Period; (ii) such Wrongful Act was committed subsequent to the Retroactive Dates(s) . . .; and (iii) none of the Insured's directors, officers, principals, partners or insurance managers knew or could have reasonably expected that such Wrongful Act might give rise to a Claim, either prior to the inception date of this Policy, or the inception date of an earlier policy, where this Policy is issued by the Insurer as a continuous renewal or replacement of such earlier policy, issued by the Insurer." RLI Policy at 4 (Dkt. No. 26-2). The terms "Claims," "Professional Services," and "Wrongful Act" are defined as follows: "a demand received by the Insured for money or services and which alleges a Wrongful Act . . .[,] including lawsuits, petitions, arbitrations or other alternative dispute resolution requests filed against the Insured[;]" "those services the Insured is legally qualified to perform for others in the practice of architecture, engineering, land surveying, landscape architecture, interior design, construction management, environmental consulting, land planner, space planner, technical consultant or expert witness[;] and "a negligent act, error, or omission,

in the performance of Professional Services by an Insured or any person or entity for which the Insured is legally liable. Wrongful Act also means an act, error or omission in the performance of Professional Services by an Insured or any person or entity for which the Insured is legally liable and that results in Personal Injury[,]" respectively. *Id.* at 5, 7.

On October 7, 2014, Plaintiff provided written notice to Lima Architects, LLC that there is no coverage under the Policy because the alleged Wrongful Act—the defective design work—occurred before the Retroactive Date, or March 13, 2013. Compl. ¶¶ 19–20. TLE filed suit thereafter against Lima Architects, LLC in the Fairfax County Circuit Court, alleging that it is a third-party beneficiary of the design contract that Lima Architects, LLC breached. *Id.* ¶¶ 21, 24. Hutchison House filed a cross-claim also stating that Lima Architects, LLC breached the design contract. *Id.* ¶ 27. Plaintiff now seeks a judgment stating that Defendants Lima Architects, LLC and Octavio Lima have no coverage under its Policy. *Id.* ¶ 29.

## II. Procedural History

On October 26, 2017, Plaintiff's process server personally served Defendant Octavio Lima ("Mr. Lima") (Dkt. No. 13) and through him, an officer of Defendant Lima Architects, LLC, served the company (Dkt. No. 14). Neither Mr. Lima nor Lima Architects, LLC filed a response within 21 days of receipt (*i.e.* November 16, 2017). On February 12, 2018, the Clerk entered a default as to both (Dkt. No. 24).

## III. Service of Process, Jurisdiction, and Venue

The docket reflects that Mr. Lima and Lima Architects, LLC have been properly served pursuant to Federal Rule of Civil Procedure 4(e)(2)(A) and 4(h)(1)(B). *See* Summons Return Executed (Dkt. Nos. 13–14). This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332, as the amount in controversy is in excess of $75,000, exclusive of interest and costs, and the Parties are citizens of different states. Compl. ¶ 8; Pl.'s Mot. for Default J. at 3

3

(Dkt. No. 26). Plaintiff is a citizen of Illinois, where its principal place of business is located, and Defendants Octavio Lima and Lima Architects, LLC[1] are citizens of Florida.

This Court also has personal jurisdiction over Defendants. Under Virginia's long-arm statute, this Court may exercise personal jurisdiction over Defendants "as to a cause of action arising from" them "[t]ransacting any business in this Commonwealth." Va. Code § 8.01-328.1(A)(1); *see, e.g.*, *Dunham v. Hotelera Canco S.A. de C.V.*, 933 F. Supp. 543, 553 (E.D. Va. 1996). "A single act of business will suffice if the action arises from that same transaction." *Dunham*, 933 F. Supp. at 553 (citing *Unidyne Corp. v. Aerolineas Argentinas*, 590 F. Supp. 391, 396 (E.D. Va. 1984)). "Arising from" means that there is "a causal link between the acts relied on for personal jurisdiction and the cause of action asserted." *Id.* (citing *Chedid v. Boardwalk Regency Corp.*, 756 F. Supp. 941, 943 (E.D. Va. 1991)).

Here, Plaintiff's cause of action arose from Defendants' alleged defective design work, which occurred in Chantilly, Virginia—within the Eastern District of Virginia. Compl. ¶¶ 11–12; Pl.'s Mot. for Default J. at 3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to the request for declaratory judgment against Defendants occurred within the Eastern District of Virginia. *See id.*

## IV. Legal Standard

Default judgment is appropriate if the well-pled allegations of the complaint establish that the plaintiff is entitled to relief and the defendant has failed to plead or defend within the time frame set out in the rules. Fed. R. Civ. P. 55; *see Music City Music v. Alfa Foods, Ltd.*, 616 F. Supp. 1001, 1002 (E.D. Va. 1985). By defaulting, the defendant admits the plaintiff's well-pled allegations of fact, which then provide the basis for judgment. *See Partington v. Am. Int'l Specialty Lines Ins. Co.*, 443 F.3d 334, 341 (4th Cir. 2006); *Ryan v. Homecomings Fin. Network*,

---

[1] All members of Lima Architects, LLC are Florida citizens. Compl. ¶ 2.

253 F.3d 778, 780 (4th Cir. 2001) (quoting *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Nevertheless, "'[a] court confronted with a motion for default judgment is required to exercise sound judicial discretion in determining whether the judgment should be entered, and the moving party is not entitled to default judgment as a matter of right.'" *ReadyCap Lending, LLC v. Servicemaster Prof'l Cleaning, Inc.*, No. 2:15-cv-451, 2016 WL 1714877, at *2 (E.D. Va. Apr. 12, 2016) (quoting *EMI April Music, Inc. v. White*, 618 F. Supp. 2d 497, 505 (E.D. Va. 2009)). Here, because Defendants have not answered or otherwise timely responded, the well-pled allegations of fact contained in the Complaint are deemed to be admitted.

## V. Analysis

Having examined the record, the undersigned Magistrate Judge finds that the well-pled allegations of fact contained in the Complaint, and supported by Plaintiff's Motion for Default Judgment and Declaration of Greg K. Winslett, establish that Plaintiff's Policy does not offer Defendants any coverage for the alleged Wrongful Act. Plaintiff is therefore entitled to default judgment in its favor as detailed below.

### A. Evaluation of Plaintiff's Complaint

Plaintiff alleges that its Professional Liability Policy Architects & Engineers, issued to Lima Architects, LLC, does not provide coverage for the claims by TLE and Hutchison House. Compl. ¶¶ 19–29. As an insurance dispute before the Court on diversity jurisdiction, the choice-of-law rules of the forum state apply. *See CACI Int'l, Inc. v. St. Paul fire & Marine Ins. Co.*, 566 F.3d 150, 154–55 (4th Cir. 2009). For insurance disputes, Virginia applies "the law of the place where an insurance contract is written and delivered." *Buchanan v. Doe*, 431 S.E.2d 289, 291 (Va. 1993). In this case, the Policy was issued to Lima Architects, LLC at an address in Boca

Raton, Florida. Policy at 2. Therefore, the Court evaluates Plaintiff's Complaint in accordance with Florida insurance law.

Under Florida law, insurance contracts are interpreted as to their plain meaning. Any ambiguities are construed against the insurer and in favor of coverage. *Taurus Holdings, Inc. v. U.S. Fid. & Guar. Co.*, 913 So.2d 528, 532 (Fla. 2005); *see State Farm Mut. Auto. Insurance Co. v. Pridgen*, 498 So.2d 1245, 1248 (Fla.1986) (holding that "only when a genuine inconsistency, uncertainty, or ambiguity in meaning remains" does a court construe a policy against the insurer). "If a policy provision is clear and unambiguous, it should be enforced according to its terms whether it is a basic policy provision or an exclusionary provision." *Hagen v. Aetna Cas. & Sur. Co.*, 675 So.2d 963, 965 (Fla. 5th DCA 1996).

Plaintiff asserts that in interpreting the Policy's plain language, it does not afford any coverage to Lima Architects, LLC because the alleged Wrongful Act occurred in 2011 and 2012. The Policy clearly states that such Wrongful Act must have been "committed subsequent to the Retroactive Date(s)." Policy at 4. The Retroactive Date for this Policy is March 13, 2013. *Id.* at 2. Consequently, Lima Architects, LLC did not commit the alleged Wrongful Act after the Retroactive Date, and as such, the Policy does not apply to TLE and Hutchison House's claims. *See id.* at 4.

### B.     Requested Relief

Plaintiff requests the Court enter default judgment against Defendants and grant the declaratory relief Plaintiff has sought in accordance with the Declaratory Judgment Act. Compl. ¶ 29. The Declaratory Judgment Act provides that "any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28

U.S.C. § 2201. Should a court provide such declaratory relief, it "shall have the force and effect of a final judgment or decree and shall be reviewable as such." *Id.*

Plaintiff seeks a declaratory judgment that it has no duty under the Policy to provide liability coverage to Lima Architects, LLC for the TLE lawsuit filed in Fairfax County Circuit Court. Such declaratory relief is appropriate, as the undersigned has found that the damages alleged in the lawsuit are not covered by the Policy because Defendants had already performed the design work prior to the Policy's Retroactive Date.

## VI. Recommendation

For the foregoing reasons, the undersigned recommends GRANTING Plaintiff's Motion and finding that its Policy does not provide any form of liability coverage for the claims alleged in the TLE lawsuit.

## VII. Notice

By means of the Court's electronic filing system and by mailing a copy of this Report and Recommendation to Defendants at their address for service of process, the parties are notified as follows. Objections to this Report and Recommendation must be filed within fourteen (14) days of service on you of this Report and Recommendation. Failure to file timely objections to this Report and Recommendation waives appellate review of the substance of this Report and Recommendation and waives appellate review of a judgment based on this Report and Recommendation.

/s/
Michael S. Nachmanoff
United States Magistrate Judge

August 28, 2018
Alexandria, Virginia